IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MICHAEL CADENA, §
 §
  Movant, §
 §
VS. § NO. 4:17-CV-575-A
 § (NO. 4:14-CR-163-A)
UNITED STATES OF AMERICA, §
 §
  Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Cadena ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting amended memorandum, the government's response, and pertinent parts of the record in Case No. 4:14-CR-163-A, styled "United States of America v. Narcisco Rodriguez, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On August 13, 2014, movant was named in a one-count indictment charging him and Narcisco Rodriguez with knowingly and intentionally combining, conspiring, confederating, and agreeing to engage in conduct in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B), namely to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 1. Movant was arrested on November 16, 2014, and on November 17, 2014, the Federal Public Defender was appointed to represent him. CR Doc. unnumbered item following docket entry 6; CR Doc. 7, 10.

On January 9, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-163-A.

2

understood the meaning of everything in it and the stipulated facts were true. CR Doc. 70.

On April 24, 2015, movant was sentenced to a term of imprisonment of 150 months to be followed by a four-year term of supervised release. CR Doc. 71 at 13-14. Movant appealed and his sentence was affirmed. CR Doc. 83, 84; <u>United States v. Cadena</u>, 642 F. App'x 306 (5th Cir. 2016). On October 3, 2016, the United States Supreme Court denied movant's petition for writ of certiorari. CR Doc. 88; <u>Cadena v. United States</u>, 137 S. Ct. 128 (2016).

II.

<u>Grounds of the Motion</u>

Movant urges four grounds in support of his motion. The first three allege ineffective assistance of counsel. The fourth urges that movant's Fifth and Eighth Amendment rights were denied when he received a sentence that was substantially unreasonable and greater than necessary to achieve sentencing goals under 18 U.S.C. § 3553. Doc.[2] 1 at 4, ¶ 15.

---

[2] The "Doc. ___" reference is to the number of the item on the docket in this civil action.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this

5

type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

<u>Analysis</u>

In support of his grounds regarding ineffective assistance of counsel, movant argues that his counsel inadequately investigated the underlying facts, caused him to enter an involuntary and unknowing plea agreement, and induced him to plead guilty by repeatedly explaining that movant would receive a sentence of five to seven years. The motion is unsupported by any evidence. Moreover, the motion depends entirely on conclusory allegations, such as the contention that had movant gone to trial, he would have received a much lower sentence.

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of his ineffective assistance grounds has the slightest merit. For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court

when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that

7

no such thing occurred. The court specifically gave movant notice that he faced a sentence of at least five years and that the term of imprisonment could be as much as 40 years. CR Doc. 70 at 23. Movant stated under oath that he understood the penalties to which he would be subjected if he plead guilty. Id. at 24.

To the extent movant alleges that his counsel failed to conduct a proper investigation, his claim is wholly conclusory and unsupported. The record reflects that his counsel pursued objections to the presentence report and withdrew the objection as to the safety valve with movant's approval. CR Doc. 43; CR Doc. 47; CR Doc. 71. Although movant wishes that the facts were different, the court adopted the fact findings set forth in the presentence report and addendum, which belie the allegations he now makes. CR Doc. 71 at 8.

In sum, there is no evidence that had his counsel done anything differently, the outcome of movant's case would have been any different. His complaints relative to his counsel lack merit.

As for movant's final ground, that his sentence was substantively unreasonable and greater than necessary to achieve the goals of sentencing, shades of it were urged on direct appeal. United States v. Cadena, 642 F. App'x at 307-08. To the extent he now embellishes his argument, he should and could have

addressed these issues on direct appeal and cannot pursue them in this proceeding. See Davis, 417 U.S. at 345. But, in any event, the record belies movant's claims regarding his sentencing. The court determined that the sentence it imposed adequately and appropriately addressed all of the factors the court should consider in sentencing under 18 U.S.C. § 3553(a). CR Doc. 71 at 13. Movant has no evidence to the contrary.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 5, 2017.

_____
JOHN McBRYDE
United States District Judge

9